IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(AT COVINGTON)


BRYAN T. LITTON                                                    PLAINTIFF
542 Fox Run Road
Pendleton, Kentucky 40055

                                          CASE NUMBER: 3:16CV-651-JHM

v.


GLA COLLECTION CO., INC.                                         DEFENDANTS
2630 Gleeson Lane
Louisville, Kentucky 40299

        SERVE:        Michael L. Lynch
                      2630 Gleeson Lane
                      Louisville, Kentucky 40299
                      (BY CERTIFIED MAIL)


AND


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:        CSC-Lawyers Incorporating Service Co.
                      421 W. Main St.
                      Frankfort, KY 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

   SERVE:  The Prentice Hall Corporation System
          421 W. Main Street
          Frankfort, Kentucky 40601
          (BY CERTIFIED MAIL)


AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

   SERVE:  CT Corporation System
          306 W. Main Street, Suite 512
          Frankfort, Kentucky 40601
          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Bryan T. Litton, and for his Verified Complaint against the Defendants, GLA Collection Co., Inc. ("GLA"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") states as follows:

## I.  PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendants' failure to investigate Plaintiff's disputes regarding alleged medical collections accounts.

## II.  PARTIES

2.     Plaintiff, Bryan T. Litton, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 542 Fox Run Road, Pendleton, Kentucky 40055.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, GLA, is a Kentucky corporation with its principal place of business at 2630 Gleeson Lane, Louisville, Kentucky 40299.

5.     GLA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports,"

as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  <u>JURISDICTION</u>

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Pendleton County, Kentucky as a result of the Defendants doing business in Pendleton County, Kentucky.

### IV.  <u>FACTUAL BACKGROUND</u>

16.     In November 2015, Plaintiff, who was in the process of seeking mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered a derogatory tradeline furnished by GLA regarding an alleged $268 medical collections account.

17.     The alleged GLA collections account referenced medical bills that Plaintiff incurred due to a workplace accident.  The medical bills were submitted by Plaintiff's employer to the employer's workers' compensation carrier and Plaintiff's employer and/or the workers' compensation carrier repeatedly attempted to pay the medical bills.

18.     In  early 2016, Plaintiff contacted GLA and GLA acknowledged that the alleged

collections account was a workers' compensation account and was payable by Plaintiff's employer's workers' compensation carrier.

19.     In April 2016, Plaintiff disputed the GLA collections account with Equifax, Trans Union and Experian.

20.     Upon information and belief, Equifax, Trans Union, and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GLA of the disputes at or within five (5) days of Equifax, Trans Union and Experian receiving notice of the disputes from Plaintiff.

21.     In May 2016, GLA, Equifax, Trans Union and Experian, despite GLA's acknowledgement that the alleged collections account was payable by Plaintiff's employer's workers' compensation carrier, verified the accuracy of their reporting of the medical collection accounts as past due with balances due and owing to GLA.

22.     The Defendants' failure to investigate Plaintiff's disputes and their failure to delete and/or amend their reporting of the subject tradelines has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V.  CLAIMS

### Negligence – GLA

23..     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24.     GLA's false reporting to Equifax, Trans Union and Experian regarding the alleged past due collections account and its failure to investigate Plaintiff's disputes were negligent under applicable law.  In falsely reporting the alleged past due collections account and in failing to

investigate Plaintiff's dispute, GLA breached its duty to reasonably investigate Plaintiff's credit disputes and to report accurate information regarding Plaintiff's credit history, and acted with conscious disregard for Plaintiff's rights.

25.     GLA's false reporting to Equifax, Trans Union and Experian regarding the alleged past due collections account and its failure to investigate Plaintiff's disputes has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.  GLA's false reporting to Equifax, Trans Union and Experian regarding the alleged past due collections account and its failure to investigate Plaintiff's dispute were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradeline, was negligent.  In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

28.     Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other

compensatory and consequential damages.

28.   Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

29.   Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.   Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Trans Union disputing Trans Union's reporting of the tradeline, was negligent.   In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

31.   Trans Union's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32.   Trans Union's failure to properly investigate Plaintiff's dispute of Trans Union's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Experian**

33.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Experian disputing Experian's reporting of the tradeline, was negligent.  In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

35.     Experian's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

36.     Experian's failure to properly investigate Plaintiff's dispute of Experian's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – GLA**

37.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     GLA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union and Experian

and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due collections accounts with GLA.  GLA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

39.    GLA's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA collections accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

40.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41.    Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due collections accounts with GLA.  Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

42.    Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

43.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.    Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA and other currently

unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due collections accounts with GLA.  Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45.    Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

46.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due collections accounts with GLA.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – GLA

49.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.    GLA's initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due GLA collections account and its failure to investigate Plaintiff's dispute are violations of GLA's duties as a furnisher of credit information pursuant to the FCRA,

15 U.S.C. §1681s-2(b).

51.    GLA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

52.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.    Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

54.    Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

55.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

56.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.    Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans

Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58.    Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

60.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.    Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62.    Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.    Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLA

64.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.     GLA's initial and continuing false reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due GLA collections account, despite GLA's knowledge of the falsity of its reporting, and GLA's failure to investigate Plaintiff's dispute are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

66.     Given GLA's knowledge of the falsity of its reporting and its failure to investigate Plaintiff's dispute, GLA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

67.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.     Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

70.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

71.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

73.     Trans Union's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

74.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b)

and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77.     Experian's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Bryan T. Litton, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.


Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## <u>VERIFICATION</u>

I, Bryan T. Litton, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____

Bryan T. Litton

COMMONWEALTH OF KENTUCKY                    )
                                            )  SS
COUNTY OF JEFFERSON                         )

Subscribed, sworn to and acknowledged before me by Bryan T. Litton this \_\_\_ day of _____, 2015.

_____

Notary Public

Commission expires:_____